1 | David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
2 | DAVID N. CHANDLER, p.c.
1747 Fourth Street
3 | Santa Rosa, CA  95404
Telephone: (707) 528-4331
4
Attorneys for Debtor
5

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | IN RE:                              CASE No. 17-30501 DM

11 | BRUGNARA PROPERTIES, VI,            CHAPTER 11

12 | _____Debtor._____/       MOTION FOR ORDER RELIEVING
                                        COUNSEL; DECLARATION OF
13 |                                     DAVID N. CHANDLER_____
                                        Date:  July 7, 2017
14 |                                     Time:  10:00 a.m.
                                        Place: 450 Golden Gate Ave.,
15 |                                            16th Fl., Ctrm. 17
                                               San Francisco, CA
16

17 | TO: HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

18 | David N. Chandler, p.c., and David N. Chandler, general

19 | counsel for the Debtor herein hereby moves the above entitled Court

20 | for an Order Relieving David N. Chandler, p.c. and David N.

21 | Chandler as counsel for Debtor herein.

22 | Said Motion is made on the grounds that (1) the managing

23 | member of the Debtor has discharged David N. Chandler, p.c. in

24 | writing and has failed to obtain substitute counsel, (2) the

25 | managing member of the Debtor herein has failed to respond and

26 | fulfill obligations pursuant to OUST Guidelines of the Debtor in

27 | Possession, (3) failed to cooperate in obtaining qualification of

28

1 counsel, and (4) communicated matters to counsel which prevent

2 representation.

3     Said Motion is made and based hereon, on the Declaration of

4 David N. Chandler appended hereto.

5 Dated:    June 16, 2017        DAVID N. CHANDLER, p.c.

6

7                             By: */s/David N. Chandler*
                            David N. Chandler

8                             Attorney for Debtor

9

10              DECLARATION OF DAVID N. CHANDLER

11     I, David N. Chandler, declare and say:

12     1.    That if called as a witness, I am competent to testify to

13 the within matters from my own knowledge.

14     2.    Kay Brugnara is the managing member of the Debtor herein.

15     3.    Ms. Brugnara discharged me by email dated June 3, 2017

16 and advised me that she had made other arrangements for counsel and

17 directed me to forward the unapplied retainer.

18     4.    Schedules and Statement of Affairs were due June 5, 2017.

19 Ms. Brugnara was made aware that the substitution did not extend

20 the time to file or any other time deadlines in the case.   Our

21 office moved for additional time to file which was granted.   The

22 Schedules and Statement of Affairs are now due June 19, 2017.

23     5.    Ms. Brugnara was to have the Substitution of Attorneys in

24 my office no later than Monday, June 12, 2017.

25     6.    It is our practice to meet with a client in the office to

26 review Schedules and SOFA in detail before execution and filing and

27 to review and execute an employment application at the same time.

28

-2-

1  As a consequence, I have been unable to obtain an executed

2  employment application.  After having been discharged, it would be

3  inappropriate for me to submit such an application without consent

4  and understanding of the client as to the effect of submission of

5  same.

6       7.   The managing member has indicated that it would be too

7  far for her to come to my office to review documents for signature

8  and based thereon, as well as other factors, she had discharged our

9  office.

10      8.   In reiterating the reasons for discharge, Ms. Brugnara

11 had stated matters to me which are contrary to my confidence that

12 I am ethically able to represent the Debtor in Possession.

13      9.   I continue to hold the balance of the unapplied retainer

14 in trust for the estate.  We have prepared draft documents for

15 filing which I will provide as directed by the Court.

16      10.  It is my opinion that it is not possible for me to be re-

17 engaged by the Debtor in Possession based upon the Rules of

18 Professional Conduct.  It is my opinion that I have been discharged

19 from the matters for which I accepted engagement and am unable and

20 unwilling to accept new engagement.

21      11.  I am attorney of record in the matter pending before the

22 Court and wish to be relieved as counsel.  Ms. Brugnara is aware of

23 the fact that a limited liability company or corporation must be

24 represented by an attorney and was aware of that prior to her

25 discharging me.  Ethically, I can take no action on behalf of the

26 estate or Debtor in Possession after having been discharged except

27 that which is required to prevent harm to the estate.  Action taken

28

1  from and after having been discharged was taken to prevent harm.

2      Executed under penalty of perjury this 16th day of June, 2017

3  at Santa Rosa, California.

4

5                                      _/s/David N. Chandler_____
                                        David N. Chandler
6                                       Attorney for Debtor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              -4-