MICHAEL A. ISAACS (SBN 99782)
michael.isaacs@dentons.com
ANDREW S. AZARMI (SBN 241407)
andrew.azarmi@dentons.com
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105-1101
Telephone: 415.267.4000
Facsimile: 415.267.4198

Attorneys for
JANINA M. HOSKINS,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BRUGNARA PROPERTIES VI,<br><br>Debtor. | Case No. 17-30501 DM<br>Chapter 11<br><br>**TRUSTEE'S REPORT UNDER BANKRUPTCY CODE § 1106(a)(5) AND RECOMMENDATION TO CONVERT CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**<br>**[11 U.S.C. § 1106(a)(5)]**<br><br>Date: March 30, 2018<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue, 16th Floor<br>Courtroom 17<br>Hon. Dennis Montali<br>San Francisco, CA 94102 |

Janina M. Hoskins, Chapter 11 Trustee of the estate of the above-named Debtor, hereby submits her Trustee's Report Under Bankruptcy Code § 1106(a)(5) and Recommendation to Convert Case to a Case Under Chapter 7 of the Bankruptcy Code ("1106(a)(5) Report"), and respectfully represents:

**I.   SUMMARY OF REPORT**

This is the Debtor's fourth Chapter 11 filing. Three prior Chapter 11 filings were dismissed. The Debtor has no income. The Debtor relies on periodic refinancing of the Debtor's only asset, an improved parcel of real estate to fund payments to lenders and cure defaults, with

the assumption that the real estate market will inevitably increase and allow for further refinances. The Debtor has no business operations and generates no cash.[1] The Trustee has received no concrete or verifiable response to inquiries regarding sources of money for funding a plan or a refinance. Accordingly, the Trustee has concluded that this case should be converted to a case under Chapter 7 of the Bankruptcy Code.

**II.    JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

**III.   BACKGROUND**

On May 22, 2017, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code.

On August 21, 2017, the Debtor filed a plan of reorganization as Docket Entry No. 45. The Debtor filed an amended plan of reorganization on September 20, 2017 as Docket Entry No. 58. A further amended plan was filed on November 29, 2017 as Docket Entry No. 82. A further amended plan was filed on January 3, 2018 as Docket Entry No. 95. Parties objected to the various versions of the plan. On January 5, 2018, the Court entered its Order Disapproving Combined Plan and Disclosure Statement as Docket Entry No. 97.

On January 12, 2018, the Court entered its Order Approving Appointment of Chapter 11 Trustee approving the selection of Janina M. Hoskins as Chapter 11 Trustee (the "Trustee").

The Trustee has reviewed the Debtor's financial condition, has met with the Debtor's principal and her counsel, and conducted a lengthy conference call with various junior lienholders. Further, the Trustee met with her accountants and analyzed other aspects of this case, including debt service that is necessary for the real property that is the primary asset of this estate: 224 Sea Cliff Avenue, San Francisco, California (the "Property").

///

///

///

---

[1] The Debtor's principal pays utilities at the estate's real property where she lives.

106711641\V-1

**IV. RECOMMENDATION**

Under the terms of Bankruptcy Code Section 1106(a)(5) (11 U.S.C. § 1106(a)(5)), the Trustee

> [a]s soon as practicable file a plan under Section 1121 of this title, file a report of why the trustee will not file a plan, or recommend conversion of the case to a case under Chapter 7 . . . of this title, or dismissal of the case.

Based on the Trustee's investigation and information gathered from her accountant, the Trustee does not believe a plan is feasible; therefore, the Trustee recommends that this case be converted to a case under Chapter 7 of the Bankruptcy Code.

**V. PRIOR BANKRUPTCIES**

The Debtor has filed three prior bankruptcy cases: in 2009 as Case No. 09-30038 DM, in 2010 as Case No. 10-33637 DM and in 2014 as Case No. 14-31867 DM. The Trustee believes all three cases resulted in dismissals upon refinances or voluntary resolutions.

**VI. CURRENT STATE OF DEBTOR'S AFFAIRS**

As noted, the Debtor filed for relief under Chapter 11 on May 22, 2017. After that filing, the Debtor filed eight monthly operating reports, beginning with the period ending May 31, 2017. For the periods ending May 31, 2017 and June 30, 2017, the Debtor listed no receipts and no disbursements. Beginning with the operating report for the period ending July 31, 2017, the Debtor began listing receipts based upon monies apparently deposited by the Debtor's principal into the Debtor's account and then used to pay the principal's personal living expenses, e.g., utilities at the Property, together with payments to the United States Trustee for minimum quarterly fees of $325 per quarter. Copies of the monthly operating reports from the period ending May 31, 2017, through December 31, 2017, collectively, are annexed as Exhibit A to the Declaration of Janina M. Hoskins in Support of Trustee's Report Under Bankruptcy Code § 1106(a)(5) and Recommendation to Convert Case to a Case Under Chapter 7 of the Bankruptcy Code [11 U.S.C. § 1106(a)(5)] (the "Declaration").

/ / /

Title reports that the Trustee has received differ on whether or not certain liens are listed. The Trustee has reviewed two title reports: one from January 2017 and another from December 2017. The title reports differ as to whether they list or do not list tax liens. By way of a summary, the title reports noted the following:

1) April 12, 2017 - World Savings - approximately $6 million - first lien
2) November 16, 2016 - PSG Capital Partners, Inc. - $1,500,000
3) December 1, 2016 - California Home Loans - $300,000
4) January 26, 2017 - Franchise Tax Board - $6,159,000
5) January 16, 2017 - Franchise Tax Board - $190,000

In addition to the above, the Trustee believes that there are liens asserted on behalf of the Internal Revenue Service in the approximate sum of $2,000,000.

The Debtor, in its schedules, noted four liens:

1) World - now Wells Fargo Home Mortgage - approximately $6 million
2) Dakota Note LLC - $3,800,000
3) PSG Capital Partners Inc. - $1,200,000
4) Franchise Tax Board - listed at $0.00

In its bankruptcy schedules, the Debtor valued the Property at $25 million.

The Trustee, after gathering information from a real estate professional and from junior lienholders who have indicated that they have substantial experience in real estate transactions and lending, has concluded that the Property is not worth $25 million or anywhere near that sum. The Property needs trash removal and substantial maintenance and repairs based upon neglect and weather damage from sitting on a cliff, facing the Pacific Ocean.

## VII. TRUSTEE'S RECOMMENDATION

The Trustee is recommending that the case be converted to a case under Chapter 7 of the Bankruptcy Code. The Trustee, notwithstanding requests, has not received evidence of: (a) a firm commitment for refinance; or (b) assets sufficient to fund a plan of reorganization, including addressing loans that are both in arrears and accumulating substantial defaults. Based on information gathered from junior lienholders, the Trustee is informed and believes that debt

106711641\V-1

4

Case: 17-30501    Doc# 139    Filed: 03/02/18    Entered: 03/02/18 16:52:46    Page 4 of 7

service for all of the notes, excluding tax liens, totals roughly $1 million per year. The Trustee is informed and believes, based on information gathered, that the first trust deed accrues interest at the sum of approximately $37,000 per month.

From the best the Trustee can determine from visiting the Property, it suffers from substantial deferred maintenance and will continue to do so in the future. The Debtor has no income, no business but asserts that it should have acquired a business interest, but for the default of the lender. However, the reality is that you have a Property that has been refinanced multiple times, allowing it to "self-consume" any equity that accrued while, at the same time, letting the Property deteriorate.

**VIII. OUTSTANDING LITIGATION**

The Debtor has filed three adversary proceedings, as follows:

1) Adversary Proceeding No. 17-03048: *Brugnara Properties v. PSG Capital Partners Inc., a California corporation, Bill Fusco, and John De Vito* - complaint for damages, breach of contract, intentional misrepresentation;

2) Adversary Proceeding No. 17-03049: *Brugnara Properties VI v. Dakota Note LLC, a South Dakota limited liability company, Arick D. Amspacker, an individual, and Paul Greenfield, an individual* - complaint for damages (breach of contract); and

3) Adversary Proceeding No. 17-03071: *Brugnara Properties VI v. United States of America, Department of the Treasury, Internal Revenue Service, State of California, Franchise Tax Board* - complaint to determine secured status, to avoid lien for declaratory relief and permanent injunction, 11 U.S.C. § 506(a); 11 U.S.C. § 105.

The above adversary proceedings will need to be evaluated on their merits and either prosecuted, settled or abandoned.

/ / /

/ / /

/ / /

106711641\V-1

## IX. VALUE OF PROPERTY / DISPOSITION

The Trustee recognizes that the true value of the Property will not be known unless there is a willing buyer and a willing seller. The Trustee believes that she has a range of values and that value would be substantially less than the $25 million value asserted by the Debtor. Further, considering the history of this Debtor and its three prior Chapter 11 cases, assuming a refinance could be brought forward, the Trustee does not envision how the Debtor could meet the requirements under 11 U.S.C. § 1129(a)(11), requiring that confirmation of a plan is not likely to be followed by liquidation or a need for further reorganization.

At the time of the lengthy conference call with junior lienholders in this case and their counsel, the Trustee learned that, according to the junior lienholders, the Debtor had agreed, at the time of a short-term loan, to sell the Property. Listing occurred and the Debtor was to prepare the Property for sale, including removing trash and taking other action. Apparently, money was likewise available for those purposes. However, the Debtor's principal failed to follow through with her commitment and, ultimately, filed for relief under Chapter 11 of the Bankruptcy Code.

## X. CONCLUSION

Notwithstanding statements before the Court that the sale of a painting will generate millions of dollars and thus solve the Debtor's problems (apparently by a voluntary contribution to the Debtor), and comments that a refinance can occur and/or funding can be provided, the Trustee has no concrete information that would substantiate the assertions. Further, the Trustee has a simple approach: if a painting can be sold to generate millions of dollars, why has that not occurred? Further, the Debtor generates no income. There are no funds available to pay minimum quarterly United States Trustee fees to keep this case in a Chapter 11 proceeding. The Trustee believes that converting the case and selling the Property is in the best interests of creditors and supported by creditors.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, the Trustee prays for the entry of an order converting this case to a case under Chapter 7 of the Bankruptcy Code. In the alternative, if the Debtor can find a concrete and confirmable source of money to refinance and/or fund a plan of reorganization, subject to the concerns noted above, and assuming this can occur prior to the hearing on this report, the Trustee will consider that alternative.

DATED: March 2, 2018          DENTONS US LLP

By:    */s/Michael A. Isaacs, Esq., CSBN 99782*
MICHAEL A. ISAACS
Attorneys for JANINA M. HOSKINS,
Chapter 11 Trustee

106711641\V-1