# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT CALIFORNIA
## SAN FRANCISCO DIVISION

FILED
APR 11 2018
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

In the matter of: Judge Montali

BRUGNARA PROPERTIES VI, a California corporation

STATEMENT OF KAY BRUGNARA, TENANT/PARTY IN INTEREST, ASSERTING LEASEHOLD RIGHTS

Kay Brugnara, Party In Interest, as tenant/lessee of 224 Sea Cliff Avenue, San Francisco ("Sea Cliff") in the reorganization/BK proceedings of Brugnara Properties VI, a California corporation ("BPVI"), hereby asserts her rights in these proceedings as lessee of Sea Cliff under Bankruptcy Code Ch. 3, 365(h)(1)(A)(ii).

- 365(h) states: "If a trustee rejects an unexpired lease of real property, if the term of such lease has commenced the lessee shall retain its rights under such lease; including rights such as those relating to use, possession, quiet enjoyment, subletting, assignment, or hypothecation, that are in, or appuretenant to, the real property for the balance of the term of such lease, and for any renewal or extension of such rights to the extent that such rights are enforce-able under applicable non-bankruptcy law."
- 365(m) states: "leases of real property shall include ANY rental agreement to use real property". [EMPHASIS ADDED]
- 365(n) allows possession of real property by lessee, after rejection of lease by trustee, for term of lease/agreement.
- House of Representatives, No. 595 95th Congress 1st Session, 349-350 (1977) AND No. 989 95th Congress 2nd Session, 60, (1978) "no deprivation of lessee's rights resulting from bankru-

ptcy": • IDEA BOARDWALK LLC v. REVEL ENTERT. GRP. (2015) 532 BR 216 (3rd Cir.) citing: CRUMB BAKESHOP (2014) 522 BR 766 AND CHURCHIL PROPS. III LTD. PSHP. (1996) 197 BR 283: "Congress specifically gave lessee the option to remain in possession after a lease rejection by trustee. 363 (f) in the application of 365 (h) would be nugatory. 365 (h) purpose is NOT overiden by 363 (f). The Bankruptcy Code is not to be read in a vaccum." "365 (h) trumps 363 (f)".

≡

• ZOTA PETROLEUMS (2012) 482 BR 154 (Va.) ruled: "365 (h) entitles lessee to quiet enjoyment of its lease notwithstanding a 363 sale".

• TAYLOR (1996) 198 BR 142 (So. Carl.) (sale denied) ruled: "a lease of real property creates an estate in the property which vests with the lessee". "a lease is a partial conveyance of an estate that is deemed fully executed once the tenant takes possession." [EMPHASIS ADDED]. "365 (a) / (363) is subject to 365 (h) as specifically enacted by Congress"... also citing: AUSTIN DEVELOPMENT CO. (5th. Cir., 1994) "rejection of a lease (by trustee) under 365 does NOT terminate lease or forfeit lessee's rights or possession"... AND SOLON AUTOMATED SVCS. (1982) 22 BR 312, which ruled: "in accordance with Bankruptcy Code a lessee shall not be deprived of his estate for the term which he bargained"." The lessee's leasehold estate cannot be diminished, changed, or modified due to bankruptcy intervention." [EMPHASIS ADDED] (Judge Waites, 4th Cir.). (distinguishing executory contracts and lessee rights: re Senate Report No. 95,989 subsection (a): "executory contracts are contracts which performance remains due on both sides." "Performance on one side of contract that has been completed is no longer 'executory'". subsection (h): "lessee will not be deprived of his estate for which the term has been bargained". [EMPHASIS ADDED]

≡

As detailed in prior declarations, exhibits, disclosures and statements filed and made in this matter, in this Court, Kay Brugnara has a leasehold interest at Sea Cliff through 2020. Kay Brugnara fulfilled all of her obligations and duties under this lease agreement with BPVI, that was executed in 2010. The sole material inducement to Kay Brugnara from BPVI for her servitude as sole officer, director and manager of BPVI for the past nine (9) years was/is the leasehold, which Kay Brugnara solely relied upon as an inducement for the lease agreement. (see: Kay Brugnara declaration, Luke Brugnara declaration, BPVI lease agreement with Kay Brugnara, disclosures). Accordingly, Kay Brugnara hereby asserts her rights as lessee of Sea Cliff through 2020.

Kay Brugnara opposes any sale of Sea Cliff, as Party In Interest. Any marketing to sell Sea Cliff will disrupt her right to "quiet enjoyment" of Sea Cliff, which she is guaranteed under 365(h). Moreover, BPVI as DIP brings more value to the BPVI estate, as BPVI / DIP will infuse millions of dollars of additional cash into the estate of BPVI independent of Sea Cliff (see Tennenbaum declaration; Luke Brugnara declaration; Luke Brugnara II declaration) -- Keeping Sea Cliff to continue to appreciate rapidly in value. Because a trustee cannot infuse additional cash into BPVI, it is in the best interests of creditors, debtor and the BPVI estate to immediately reinstate BPVI DIP. (See: HISTORICAL SUCCESS OF BPVI - 17 yrs. borrowed over $42M+ to date, PLUS millions of dollars ($10M+) cash infusion from officers/shareholders).

Respectfully,

A TRUE AND CORRECT

Kay Brugnara

4/3/2018 KAY BRUGNARA