MACDONALD | FERNANDEZ LLP
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditor,
DAKOTA NOTE, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>BRUGNARA PROPERTIES VI,<br><br>    Debtor. | Case No. 17-30501-DM<br><br>Chapter 7<br><br>**MOTION TO FOR RELIEF FROM AUTOMATIC STAY**<br><br>(Real Property Commonly Known as 224 Sea Cliff, San Francisco, California)<br><br>Date:  February 22, 2019<br>Time:  9:30 a.m.<br>Place:  Courtroom 17<br>         450 Golden Gate Ave., 16th Floor<br>         San Francisco, California 9410<br><br>Hon. Dennis Montali |

COMES NOW DAKOTA NOTE, LLC, Creditor herein, which move for entry of an order for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(4), and respectfully represents as follows:

## I.   FACTS

1. Among the assets of the estate is Debtor's interest in that certain real property commonly known as 224 Sea Cliff, San Francisco, California (the "Property"). Debtor's former officer and her family reside at the Property.

2. Pursuant to that certain Note dated July 1, 2015 (the "Promissory Note"), in the original amount of $1,200,000, Debtor is indebted to Creditor. *See* Exhibit "A" to the Declaration of Derald Kenoyer, filed herewith. The loan is secured by a third-priority lien against the Property

1

pursuant to the Deed of Trust and Assignment of Rents (the "Deed of Trust")), recorded on July 21, 2015, as document number 2015-K093637-00 in the Official Records of the County of San Francisco, California, and attached as Exhibit "B" to the Kenoyer Decl. Thereafter the undivided partial interest of Silicon Valley Funding Group, Inc. were transferred to Creditor. *See* Assignment of Deed of Trust, recorded on April 8, 2016, as document number 2016-K227749-00 in the Official Records of the County of San Francisco, California, and attached as Exhibit "C" to the Kenoyer Decl

3. The loan matured on January 10, 2016. Additionally, the interest reserve for this loan was exhausted in September 2015, and Debtor never made a single payment required by the Promissory Note.

4. As a result of the foregoing default, The Foreclosure Company, Inc. ("<u>Foreclosure Trustee</u>") was substituted as trustee under the Deed of Trust, and Foreclosure Trustee then commenced a nonjudicial foreclosure (the "Nonjudicial Foreclosure") of the Deed of Trust, and caused to be recorded on February 8, 2018, a Notice of Default and Election to Sell Under Deed of Trust, as Instrument No. 2018030175, in said Official Records (*see* Exhibit "D").

5. As of January 4, 2019, the total amount owing to Creditor from Debtor, including the total unpaid principal balance, all accrued unpaid interest, late charges, foreclosure fees, and related costs and attorneys' fees and related costs incurred by Creditor in connection with the foregoing default was not less than $1,697,160.15. Kenoyer Decl. at ¶ 9. Debtor has not made any payments to Creditor since that date and the total amount owing continues to grow. Kenoyer Decl. at ¶ 10.

6. Moreover, the Property secures the following liens:

| **Creditor** | **Nature of Lien** | **Amount Outstanding** |
|---|---|---|
| San Francisco County Taxes | Real Property Taxes | $54,003.99 |
| Wells Fargo Bank | First Deed of Trust | $6,518,206.00 |
| Greenfield/NSSMPP | Second Deed of Trust | $2,692,729.80 |
| Dakota Note, LLC | Third Deed of Trust | $1,697,160.15 |
| PSG Capital Partners Inc. | Fourth Deed of Trust | $2,560,000.00 |
| California Home Loans | Fifth Deed of Trust | $362,500.00 |
| | | Total <u>$13,884.599.94</u> |

7. Thus, the total encumbrances against the Property are not less than $13,884,599.94. This sum does not include the putative secured claim of the Internal Revenue Service, the California Franchise Tax Board, and other taxing authorities, arising from proposed assessments of nominee or alter ego tax liabilities in excess of $7,800,000.

8. The Property is a seven-bedroom home which is in poor condition. In April 2018, its present value was estimated at not more than $15,000,000. *See* Exhibit A to Application to Employ Broker Anne Herrera [ECF 186].

### *Status of the Bankruptcy Case and Related Litigation*

9. As the Court is well aware, this is the fourth in a series of bankruptcy filings by the Debtor over the past decade. The case was converted to a chapter 7 on March 30, 2018. [ECF 155].

10. The Adversary Proceeding against Dakota Note and associated defendants has been dismissed. [Adv. Pro. Case No. 17-3049, ECF 59].

11. On November 27, 2017, the PSG Capital Group, Inc. defendants filed a Motion to Dismiss the adversary proceeding, which has been effectively stayed for more than one year due to the various main-case motions regarding the appointment of a trustee and the conversion of the case and the appeal of the conversion order.

12. All efforts by the Trustee to dispose of the Debtor's sole asset, however, have been stayed by U.S. District Court Judge William Alsup, until resolution of the nominee/alter ego status as asserted by the taxing agencies. That matter is now off calendar and cannot move forward until the "Government Shutdown" is resolved. [N.D. Cal. Case No. 17-3071, ECF 62].

## II. ANALYSIS

A. CAUSE EXISTS TO GRANT RELIEF FROM STAY UNDER § 362(d)(1) BECAUSE DEBTOR IS NOT MAKING POST-PETITION PAYMENTS AND CREDITOR'S INTERESTS ARE NOT ADEQUATELY PROTECTED.

13. There is cause to terminate the automatic stay. Bankruptcy Code Section 362(d)(1) authorizes the Court to modify or terminate the automatic stay for "cause," including lack of adequate protection. "'Cause' for granting relief from stay has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted); *see also Delaney–Morin v. Day (In re Delaney–*

*Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003).

14. Specifically, the Court may grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *Western Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 841 (9th Cir. 1986) (debtor's failure to make post-confirmation balloon payment on promissory note—which was to be paid outside of debtor's confirmed plan and the obligation to make the balloon payment was not modified by the plan—was cause to grant relief from stay); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985) (failure to make post-confirmation payments on secured claim constitutes cause to grant relief from stay).

15. Moreover, cause exists where a creditor's interest in its collateral is not adequately protected. Adequate protection may take many forms, including an equity cushion, *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1401 (9th Cir. 1984) (20% equity cushion provides adequate protection), or making post-petition adequate protection payments, 11 U.S.C. § 361(1).

16. Here, Debtor's obligation to Creditor has fully matured and is immediately due and payable. Debtor is making no efforts to repay the secured claim. In fact, despite numerous promises to dispose of "valuable art" to fund its various plans of reorganization, no such art or cash infusion has materialized.

17. Nor is Creditor's interest in the Property adequately protected. The Property's value is no more than $15 million, while the total amount of the claims equal to or senior to Creditor's claim total $11,064,939.79 and growing. After accounting for 7% costs of sale ($1,050,000), Creditor is left with an equity cushion of $1,187,900, or 7.92%. The equity cushion is insufficient. *In re Holt*, No. 09-62439-13, 2010 WL 3294693, *6 (Bankr. D. Mont. Aug. 20, 2010) (citing cases); *see also In re McKillips*, 81 B.R. 454, 458 (Bankr. N.D. Ill. 1987) (surveying the cases which show that an equity cushion of more than 20% is adequate but less than 11% is not). Moreover, the holder of the first deed of trust has declared a default, further jeopardizing Creditor's interest in the Property. Debtor is not making adequate protection payments, and it appears that it is not possible for Debtor to make adequate protection payments.

18. Because Creditor's interests are not adequately protected, Debtor has defaulted on his obligations to Creditor, and Debtor's abuse of the bankruptcy process through repeated filings, cause exists to grant relief from the automatic stay.

///

B. <u>CAUSE EXISTS TO GRANT RELIEF FROM STAY UNDER § 362(d)(2) BECAUSE DEBTOR HAS NO EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION.</u>

19. The Court should also grant relief pursuant to § 362(d)(2). The first prong of the test for relief from stay under § 362(d)(2) requires the Court to consider if the debtor or the estate has any equity in the property. Here, the Debtor has no equity. The total amount outstanding on claims secured by the Property is not less than $13,884,599.99 **not including** the taxing agencies' liens of an additional $7,800,000 or costs of sale in the amount of not less than $1,050,000. The present value of the Property is no more than $15 million. The Debtor and the estate have no equity in the Property.

20. As to the second prong, the Property is per se not necessary for an effective reorganization because the present proceeding is a liquidation under Chapter 7, foreclosing any reorganization of Debtor's affairs. *See Ramco Inds. v. Preuss (In re Preuss)*, 15 B.R. 896, 897 (B.A.P. 9th Cir. 1981). Moreover, Debtor has no operations, no revenue, no other assets, and the secured debt is growing at more than $100,000 per month. The Debtor and the Trustee cannot meet their burden of proving that the property is necessary for an effective reorganization. *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates. Ltd.*, 484 U.S. 365, 375–76 (1988); 11 U.S.C. § 362(g)(2). This case is nothing more than a delay tactic, and Creditor should be afforded relief from stay.

C. <u>CAUSE EXISTS TO WAIVE THE 14-DAY STAY OF ENFORCEMENT UNDER BANKRUPTCY RULE 4001(a)(3).</u>

21. The Court may waive the 14-day stay of enforcement of an order granting relief from the automatic stay for cause. Fed. R. Bankr. P. 4001(a)(3). Cause exists in this case because of the significant prejudice suffered by Creditor who cannot realize on its collateral. Creditor is not an

institutional lender, but is a private investor whose collateral remains at risk while the Debtor remains in possession of the Property. This case—like the ones filed before it—is nothing more than a delay tactic, and Creditor should be freed to promptly exercise its state-law rights. Hence, the Court should waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

### III.    PRAYER FOR RELIEF

WHEREFORE, Creditor pray for entry of an order:

1. Granting relief from the automatic to recover possession of the Property;

2. Granting relief from the automatic on an *in rem* basis for two years starting on the date of entry of the order for relief;

3. Waiving the 14-day stay of enforcement provided by Bankruptcy Rule 4001(a)(3); and

4. For such other and further relief as is appropriate in the premises.

DATED: February 8, 2019                MACDONALD | FERNANDEZ LLP

By: /s/ *Reno F,R. Fernandez III*
Reno F.R. Fernandez III
Attorneys for Creditor,
DAKOTA NOTE, LLC