MACDONALD | FERNANDEZ LLP
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditor,
DAKOTA NOTE, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 17-30501-DM |
| BRUGNARA PROPERTIES VI, | Chapter 7 |
| Debtor. | **DECLARATION OF DERALD KENOYER IN SUPPORT OF MOTION TO FOR RELIEF FROM AUTOMATIC STAY** |
| | (Real Property Commonly Known as 224 Sea Cliff, San Francisco, California) |
| | Date: February 22, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 17<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, California 9410 |
| | Hon. Dennis Montali |

I, Derald Kenoyer, declare:

1.     I am a real estate agent licensee who arranged the loan for Brugnara Properties VI and an agent for Dakota Note, LLC. I have personal knowledge of the following facts. If called upon to testify as a witness, I could and would testify competently as follows.

2.     Dakota Note, LLC is the owner and servicer of a loan made to Brugnara Properties VI (the "Debtor") and secured by the real property commonly known as 224 Sea Cliff, San Francisco, California (the "Property").

3.     I make this declaration based upon my review of the records regarding the underlying loan transaction and the obligations due thereunder, which are kept in the ordinary course of Dakota

1

Note, LLC's business. As part of my job responsibilities for Dakota Note, LLC, I have personal knowledge of and am familiar with the types of records maintained by Dakota Note, LLC in connection with the loan made to Debtor (the "Loan") and the procedures for creating those types of records. I have access to and have reviewed the books, records, and files of Dakota Note, LLC with respect to the Loan and the extensions of credit to Debtor.

4. The information in this declaration is taken from Dakota Note, LLC's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the ordinary course of Dakota Note, LLC's regularly conducted business activities; and (c) it is the regular practice of Dakota Note, LLC to make such records.

5. Pursuant to that certain Promissory Note Secured by Deed of Trust, dated July 1, 2015 (the "Promissory Note"), in the original amount of $1,200,000, Debtor was indebted to Dakota Note, LLC. A true and correct copy of the Promissory Note is offered as Exhibit "A" hereto.

6. Dakota Note, LLC's claim is secured by a third-priority lien against the Property pursuant to the Deed of Trust and Assignment of Rents (the "Deed of Trust"), recorded on July 21, 2015, as document number 2015-K093637-00 in the Official Records of the County of San Francisco, California. A true and correct copy of the Deed of Trust is offered as Exhibit "B" hereto. Thereafter the undivided partial interest of Silicon Valley Funding Group, Inc. were transferred to Creditor. A true and correct copy of the Assignment of Deed of Trust, recorded on April 8, 2016, as document number 2016-K227749-00 in the Official Records of the County of San Francisco, California, is offered as Exhibit "C" hereto.

7. The Loan is presently in default in that, among other things: (a) the Note matured on January 10, 2016 (the "Maturity Date"), and has not been paid; (b) the interest reserve for this loan was exhausted in September 2015; and (c) the Debtor never having made a single payment.

8. As a result of the foregoing default, The Foreclosure Company, Inc. ("Foreclosure Trustee")was substituted as trustee under the Deed of Trust, and Foreclosure Trustee then commenced a nonjudicial foreclosure (the "Nonjudicial Foreclosure") of the Deed of Trust, and

2

caused to be recorded on February 8, 2018, a Notice of Default and Election to Sell Under Deed of Trust, as Instrument No. 2018030175, in said Official Records (a true and correct copy is offered as Exhibit "D"). A Notice of Trustee's Sale has not yet been recorded.

9. As of January 4, 2019, the total amount owing to Dakota Note, LLC, including the total unpaid principal balance, all accrued unpaid interest, late charges, foreclosure fees, and related costs and attorneys' fees and related costs incurred by Dakota Note, LLC in connection with the foregoing default was not less than $1,697,160.15.

10. Debtor has not made any payments to Dakota Note, LLC since that date and the total amount owing continues to grow.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of February, 2019, at SANTOSE, California.

Derald Kenoyer

Case: 17-30501    Doc# 287-1    Filed: 02/08/19    Entered: 02/08/19 11:54:19    Page 3
of 25

# EXHIBIT A

Case: 17-30501    Doc# 287-1    Filed: 02/08/19    Entered: 02/08/19 11:54:19    Page 4 of 25

# NOTE SECURED BY A DEED OF TRUST

Loan Number: ___37       Date: 07/01/2015

San Jose, California

<u>224 Sea Cliff Avenue, San Francisco, CA 94121</u>
Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$1,200,000.00** (this amount will be called "principal"), plus interest, to the order of **Dakota Note, LLC, as to an undivided 1,000,000/1,200,000 interest and Silicon Valley Funding Group, Inc. as to an undivided 200,000/1,200,000 interest** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **07/08/2015**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are ☑ Interest Only ☐ Fully Amortized ☐ Other

I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 5 | Monthly beginning August 10, 2015 | 16.00% | $16,000.00 |
| 1 | January 10, 2016 | 16.00% | $1,216,000.00 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **01/10/2016** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **Dakota Note, 110 East Center St., Ste. 567, Madison, SD 92809-0112**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$5.00**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than **60** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **Lender is entitled to earn 3 months interest. No prepayment after 3 monthly payments are made.**

Applied Business Software, Inc. (800) 833-3343
Note Secured by Deed of Trust

Case: 17-03051    Doc# 287 Filed: 02/08/18 Entered: 02/08/18 15:14:54 Page 5 of 25

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

## 9. ADVANCING FEE

**ADVANCING FEE CHARGED TO BORROWER, WHEN LENDER MUST CURE DELINQUENT SENIOR LOANS, TAXES, INSURANCE, AND/OR HOMEOWNER ASSOCIATION DUES.**

In the event that the Lender, makes any advances for reinstating delinquent prior encumbrances, taxes, insurance, homeowner association dues (if applicable) or for the preservation of this security, to protect the BENEFICIARY'S INTEREST in this Note, THERE WILL BE AN ADVANCING FEE EQUAL TO THREE PERCENT (3%) OF THE AMOUNT SO ADVANCED SUBJECT TO MINIMUM FEE OF FIFTY DOLLARS ($50.00). Furthermore, such advances are to be secured by this Deed of Trust and Bear Interest at the same rate that is charged on the PRINCIPAL of this Note, from the date of advance to such date when all monies are paid in full in the form of certified funds, cashier's and money order.

## 10. DEFAULT INTEREST

Should Borrower default on any terms and conditions of this loan, Borrower shall pay a default interest rate in the amount of 3.00% per annum, in addition to the current rate under the Note, based on the principal balance and on all outstanding advances and advances to be made after default has occurred. Default interest shall commence as of the date of the default and shall continue until such time default has been cured or loan has been paid off.

## 11. THE FOLLOWING PROVISIONS MAY RESULT IN THE COMPOUNDING OF INTEREST ON YOUR LOAN

At the option of the Beneficiary, if any payment should be insufficient to pay the interest then due, the balance of interest remaining shall be added to the principal and will bear interest at the Note rate as the principal.

At the option of the Beneficiary, if any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by any forbearance, bankruptcy plan or similar repayment plan, the total sum of these amounts will bear interest at the Note rate from the date due or advanced until the date repaid.

## 12. RIGHT TO ASSIGN

The holder of this Note shall have the right to sell, assign, or otherwise transfer, either in part or in its entirety, this Note, the Deed of Trust, and other instruments evidencing or securing indebtedness of this Note to one or more investors without Borrower's consent.

### 13. BINDING

This Note and all of the covenants, promises and agreements contained in it shall be binding on and insure to the benefit of the respective legal and personal representatives, devisees, heirs, successors, and assigns of the Borrower and the Beneficiary.

### 14. BANKRUPTCY REORGANIZATION

For the purpose of any reorganization plan under the United States Bankruptcy Code, including, without limitation, Chapter 11 and Chapter 13 thereof and Code Sections 1123 and 1322 of said Chapters, any cure contemplated by said plan shall require the full payment of accrued and unpaid interest at the default rate (if applicable) as set forth herein and payments of any other sums due by reason of Borrower's default. Arrears accumulated and unpaid shall accrue interest at the same rate applicable to the Principal during the life of the plan, all payments toward arrearages under such reorganization plan shall be applied first to the interest accruing on the arrearages and then to the arrearage balance.

### 15. COMMERCIAL PURPOSE

Borrower represents and warrants to the Lender that the loan proceeds disbursed by the Lender under the Note shall be used for business or commercial purposes and that none of the proceeds of this Note shall be used by the Borrower for personal, family or household purposes. Borrower acknowledges that if not for this representation and warranty, Lender would not grant the loan to the Borrower on the terms represented in the Note, the Security Instrument and the Loan Documents. Borrower further acknowledges that Lender is relying exclusively on Borrower's representation and warranty hereunder in Lender's determination of the use of loan proceeds, and will make disbursements under the Note in material reliance on such representation and warranty. Lender's use of, and Borrower's execution of, the Uniform Residential Loan Application, is not intended to be inconsistent with the commercial purposes of the loan.

Brugnara Properties VI, a California Corporation

| | | |
|---|---|---|
| _Kay Brugnara_ | | |
| Borrower    Kay Brugnara, President | Date | Borrower                           Date |

---

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:


all beneficial interest under the within Note, without recourse, and Deed of Trust securing same


_____     _____

_____     _____

---

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

Applied Business Software, Inc. (800) 833-3343
Note Secured by Deed of Trust

9537/Brugnara
Page 3 of 3

# EXHIBIT B

20159K09363700008
San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC 2015-K093637-00
Acct 5002-Old Republic Title Company
Tuesday, JUL 21, 2015 12:35:45
Ttl Pd  $39.00    Nbr-0005188135
ojI/RE/1-8

Recording Requested By
Keith Charles Knapp

When Recorded Mail To
Dakota Note, LLC
110 East Center St., Ste 567
Madison, SD  57042-2908

Title Order No.

Space above this line for recorder's use

# DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No. 9537

This Deed of Trust, made this 9th day of July 2015, among the Trustor, Brugnara Properties VI, a California Corporation (herein "Borrower"), Old Republic Title Company (herein "Trustee"), and the Beneficiary, Dakota Note, LLC, as to an undivided 1,000,000/1,200,000 interest and Silicon Valley Funding Group, Inc. as to an undivided 200,000/1,200,000 interest (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of San Francisco, State of California: Beginning at a point on the Northerly line of Seacliff Avenue, distant thereon 74.302 feet Westerly from the Southwesterly corner of Lot No. 76 of Subdivision No. 1 of Sea Cliff in the City and County of San Francisco, State of California, according to Map thereof recorded April 1, 1913, in Book "G" of Maps, Page 98 and 99, in the Office of the Recorder of the City and County of San Francisco, State of California; running thence Westerly along the said line of Seacliff Avenue 54.493 feet; thence North 3 degrees 23' West 132.071 feet; thence North 88 degrees East 29.011 feet; thence North 4 degrees 30' 29" East 42.240 feet to a line of ordinary high tide of the waters of the Pacific Ocean; thence North 64 degrees 48' 40" East along said line of ordinary high tide 21.122 feet; thence South 3 degrees 23' East 178.127 feet to the point of beginning.
Assessors' Lot 001S, Block 1307, which has the address of 224 Sea Cliff Avenue, San Francisco, CA 94121 (herein "Property Address"):

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated 07/09/2015, in the principal sum of U.S. $1,200,000.00, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Case: 17-30501    Doc# 287-1    Filed: 02/08/19    Entered: 02/08/19 11:54:19    Page 9
of 25

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and

Case: 17-30501    Doc# 287-1    Filed: 02/08/19    Entered: 02/08/19 11:54:19    Page 10
of 25

CERTIFIED COPY

apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Dakota Note, 110 **East Center St., Ste. 567, Madison, SD 92809-0112** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any

Case: 17-30501   Doc# 287-1   Filed: 02/08/19   Entered: 02/08/19 11:54:19   Page 11 of 25

part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

Case: 17-30501    Doc# 287-1    Filed: 02/08/19    Entered: 02/08/19 11:54:19    Page 12
of 25

CERTIFIED COPY

24. **Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

25. **Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

**REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST**

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____, Page(s) _____, Instrument No._____, Official Records of County Recorder of _____ County, California. The original Trustor _____ and the original Trustee _____ and the original Beneficiary _____ Mail to:

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Brugnara Properties VI, a California Corporation

| | | |
|---|---|---|
| _Kay Brugnara_ | _7/6/15_ | _____ |
| Borrower   Kay Brugnara, President | Date | Borrower        Date |

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _San Francisco_

On _July 6, 2015_ before me, _N. J. Shanta, Notary Public_,
personally appeared
_Kay Brugnara_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

N. J. SHANTA
COMM. # 2073931
NOTARY PUBLIC • CALIFORNIA
SAN FRANCISCO COUNTY
Comm. Exp. AUG 16, 2018

**REQUEST FOR FULL RECONVEYANCE**

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

9537/Brugnara
Page 5 of 6

CERTIFIED COPY

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____     _____     _____     _____
Signature of Beneficiary (the "LENDER")          Date          Signature of Beneficiary (the "LENDER")          Date

When recorded, mail to

Att: _____

CERTIFIED COPY

# EXHIBIT A

The land referred to is situated in the County of San Francisco, City of San Francisco, State of California, and is described as follows:

Beginning at a point on the Northerly line of Seacliff Avenue, distant thereon 74.302 feet Westerly from the Southwesterly corner of Lot No. 76 of Subdivision No. 1 of Sea Cliff in the City and County of San Francisco, State of California, according to Map thereof recorded April 1, 1913, in Book "G" of Maps, Page 98 and 99, in the Office of the Recorder of the City and County of San Francisco, State of California; running thence Westerly along the said line of Seacliff Avenue 54.493 feet; thence North 3° 23' West 132.071 feet; thence North 88° East 29.011 feet; thence North 4° 30' 29" East 42.240 feet to a line of ordinary high tide of the waters of the Pacific Ocean; thence North 64° 48' 40" East along said line of ordinary high tide 21.122 feet; thence South 3° 23' East 178.127 feet to the point of beginning.

Assessor's Lot 001S; Block 1307

CERTIFIED COPY

# HAZARDOUS SUBSTANCE RIDER TO DEED OF TRUST

That certain Deed Of Trust dated **07/01/2015** between **Brugnara Properties VI, a California Corporation** therein and herein called "Trustor", **Old Republic Title Company**, therein called "Trustee" and **Dakota Note, LLC, as to an undivided 1,000,000/1,200,000 Interest and Silicon Valley Funding Group, Inc. as to an undivided 200,000/1,200,000 Interest** therein and herein called "Beneficiary" is supplemented in the following particulars only:

1.  Trustor represents to Beneficiary that, to the best of Trustor's knowledge after due and diligent inquiry, no hazardous or toxic waste substances are being stored on the property or any adjacent property nor have such substances been stored or used on the property or any adjacent property prior to Trustor's ownership, possession or control of the property. Trustor agrees to provide written notice to Beneficiary immediately upon Trustor's becoming aware that the property or any adjacent property is being or has been contaminated with hazardous or toxic waste or substances. Trustor will not cause or permit any activities on the property that directly or indirectly could result in the property or any other property's being contaminated with hazardous or toxic waste or substances. For the purpose of this Deed of Trust, "hazardous" or "toxic waste" or "substances" means any substance or material defined or designated as hazardous or toxic wastes, hazardous or toxic material, a hazardous, toxic, or radioactive substance, or other similar term by any applicable federal, state, or local statute, regulation, or ordinance now or hereafter in effect.

2.  Trustor shall promptly comply with all statutes, regulations, and ordinances, and with all orders, decrees, or judgments of governmental authorities or courts having jurisdiction, relating to the use, collection, storage, treatment, control, removal, or cleanup of hazardous toxic waste or substances in, on, or under the property or in, on, or under any adjacent property that becomes contaminated with hazardous or toxic waste or substances as a result of construction, operations, or other activities on, or the contamination of, the property, or incorporated in any improvements thereon, at Trustor's expense. Beneficiary may, but is not obliged to, enter upon the property and take such actions and incur such costs and expenses to effect such compliance as it deems advisable to protect its interest as Beneficiary; and whether or not Trustor has actual knowledge of the existence of hazardous or toxic waste or substances in, on, or under the property or any adjacent property as of the date hereof, Trustor shall reimburse Beneficiary on demand for the full amount of all costs and expenses incurred by Beneficiary prior to Beneficiary's acquiring title to the property through foreclosure or deed in lieu of foreclosure, in connection with such compliance activities.

Brugnara Properties VI, a California Corporation

| | | | |
|---|---|---|---|
| _Kay Brugnara_ | 7/6/15 | | |
| Borrower  Kay Brugnara, President | Date | Borrower | Date |

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink
of the Assessor-Reorder



JAN 2 4 2019     CARMEN CHU

ASSESSOR - RECORDER
SAN FRANCISCO COUNTY CALIFORNIA
BY _Julie ashin_    Julie A. Frisch

CERTIFIED COPY

# EXHIBIT C



CERTIFIED COPY

**Recording Requested By**
California Home Loans

**When Recorded Mail To**
California Home Loans
1346 The Alameda, #7-119
San Jose, CA 95126

Brugnara VI – Dakota Note LLC

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
**DOC- 2016-K227749-00**
Check Number  1408
Friday, APR 08, 2016 08:03:48
Ttl Pd   $34.00    Rcpt # 0005344093
ama/MA/1-2

## Assignment of Deed of Trust

FOR VALUE RECEIVED, **Silicon Valley Funding Group, Inc.**, hereby grants, assigns and transfers to **Dakota Note, LLC**, as to an undivided **200,000/1,200,000  interest**, under that certain Deed of Trust dated  July 9, 2015, executed by **Brugnara Properties VI, a California Corporation**, Trustor, to **Old Republic Title Company**, Trustee, and recorded as Instrument Number 2015093637 on  July 9, 2015, in book  N/A, page N/A, of Official Records in the County Recorder's office of **San Francisco County, California**, describing land therein as:

**See Attached Legal Description (Exhibit A)**

which has the address of **224 Sea Cliff Avenue, San Francisco, CA  94121** (herein "Property Address");
1307–0015

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated:   3/24/16

Silicon Valley Funding Group, Inc.
Christopher K. Knapp, Managing Member

STATE OF CALIFORNIA
COUNTY OF _SANTA CLARA_ } S.S

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

On _MARCH 24, 2016_ , before me, _RIC LOUIE_ , Notary Public, appeared **Christopher K. Knapp**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS my hand and official seal**

Signature

(This area for official notarial seal)



RIC LOUIE
Commission # 2073098
Notary Public - California
Santa Clara County
My Comm. Expires Jul 26, 2018

CERTIFIED COPY

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

BEGINNING AT A POINT ON THE NORTHERLY LINE OF SEA CLIFF AVENUE, DISTANT THEREON 74.302 FEET WESTERLY FROM THE SOUTHWESTERLY CORNER OF LOT NO. 76 OF SUBDIVISION NO. 1 OF SEA CLIFF IN THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF RECORDED APRIL 1, 1913, IN BOOK "G" OF MAPS, PAGES 98 AND 99, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA; RUNNING THENCE WESTERLY ALONG THE SAID LINE OF SEA CLIFF AVENUE 54.493 FEET; THENCE NORTH 3° 23' WEST 132.071 FEET; THENCE NORTH 88° EAST 29.011 FEET; THENCE NORTH 4° 30' 29" EAST 42.240 FEET TO A LINE ORDINARY HIGH TIDE OF THE WATERS OF THE PACIFIC OCEAN; THENCE NORTH 64° 48' 40" EAST ALONG SAID LINE OF ORDINARY HIGH TIDE 21.122 FEET; THENCE SOUTH 3° 23' EAST 178.127 FEET TO THE POINT OF BEGINNING.

APN: LOT 001S AND BLOCK 1307

# CERTIFIED COPY

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink
of the Assessor-Reorder



JAN 31 2013    CARMEN CHU

ASSESSOR - RECORDER
SAN FRANCISCO COUNTY CALIFORNIA
BY      *Jenny K. Liang*
        Jenny Liang

# EXHIBIT D

RECORDING REQUESTED BY:
Pacific Coast Title Company
Order No. 91206552

When Recorded, Mail To:

The Foreclosure Company, Inc.
3001 So. Winchester Blvd., Suite A
Campbell, California 95008

FC No.: 16-244
224 Sea Cliff Ave
**Assessors' Lot 001S, Block 1307**

20169K28663800002
**San Francisco Assessor-Recorder**
**Carmen Chu, Assessor-Recorder**
DOC 2016-K286638-00
Acct 2009-Pacific Coast Title Company
**Thursday, JUL 14, 2016 12:40:16**
Ttl Pd $21.00      Nbr-0005410799
oma/RE/1-2

## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

NOTE TO BORROWER: THERE IS A SUMMARY OF THIS INFORMATION IN THE DOCUMENT ATTACHED

注：本文件包含一个信息摘要      참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE: IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION.** You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses, within the time permitted by law for reinstatement of your account, which is normally five business days prior to the scheduled sale date, through this foreclosure, for this property. No sale date may be set until approximately 90 days from the date this Notice of Default was recorded; the date of recording appears at the top of this notice.

The default amount is $1,952,380.23 **as of** July 13, 2016, and will increase until your account becomes current.

While this property is in foreclosure you must pay your other obligations, including property taxes and insurance, as required by your Note and Deed of Trust. If you fail to: make ongoing payments due on the loan(s), pay property taxes, provide insurance on the property, or pay any other obligations as required in the Note and Deed of Trust the Beneficiary may insist that you do so. As a condition of reinstatement, the Beneficiary may require that you provide reliable written evidence that you have paid all senior liens, property taxes and hazard insurance premiums.

Upon your written request the Beneficiary or their Agent will prepare a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid Principal, but you must pay all amounts in default at the time payment is made. You and the Beneficiary may mutually agree in writing to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise, or (2) establish a schedule of payments in order to cure your default, or both (1) and (2), prior to the Notice of Sale being posted, which may not occur earlier than three months after this Notice of Default was recorded.

Following the expiration of the period of time referred to in the first paragraph of this Notice, you may only have the legal right to stop the sale of your property by paying the entire amount demanded by the Beneficiary, unless a separate written agreement between you and the Beneficiary, or the obligation being foreclosed upon, permits a longer period of time.

CERTIFIED COPY

To find out the amount you must pay, arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Dakota Note, LLC
c/o The Foreclosure Company, Inc.
3001 So. Winchester Blvd., Suite A
Campbell, California 95008
(408) 374-7204
Attention: Sharol Lang
TheForeclosureCo@gmail.com

If you have any questions you should contact a lawyer or the Governmental Agency that may have insured your loan. Although your property is in foreclosure you may offer your property for sale, as long as that sale is concluded prior to the conclusion of this foreclosure.

## Remember, you may lose legal rights if you do not take prompt action.

NOTICE IS HEREBY GIVEN: The Foreclosure Company, Inc., a California corporation, is acting as Agent for the Trustee or Beneficiary, Old Republic Title Company is the Trustee under a Deed of Trust dated July 9, 2015 executed by Brugnara Properties VI, a California corporation, as Trustor, to secure certain obligations in favor of Dakota Note, LLC, as to an undivided 1,000,000.00/1,200,000.00 interest and Silicon Valley Funding Group, Inc., as to an undivided 200,000.00/1,200,000.00 interest, as the original Beneficiaries, Recorded on July 21, 2015 as Instrument Number 2015-K093637-00 in Book n/a at Page n/a of Official Records in the Office of the Recorder of San Francisco County, California, securing the land described fully in said Deed of Trust, including one Note for the sum of $1,200,000.00 ; that the beneficial interest under the Deed of Trust and the obligations secured thereby are held by the present beneficiary, that a breach of and default in the obligations for which said Deed of Trust is security has occurred by:

failure to make payment of Principal and interest when All Due and payable on January 10, 2016, late charges, failure to keep senior loans current thereby causing Beneficiary to make several advances totaling $490,096.95, Attorney fees, plus Trustee/foreclosure fee, costs and expenses and any additional Attorney fees and/or additional advances paid to protect the security interest of the Beneficiary

by reason thereof the present Beneficiary under said Deed of Trust has executed and delivered to said Agent or appointed Trustee a written Declaration of Default and Demand for Sale; has deposited with said Agent or appointed Trustee, said Deed of Trust and all documents evidencing obligations secured thereby; has declared and does hereby declare all sums secured thereby immediately due and payable; has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby. The subject Deed of Trust is not a first loan and therefore is not subject to California Civil Code Section 2923.5.

Subject Property Address:
224 Sea Cliff Avenue
San Francisco, Ca. 94121

DATE: July 15, 2016

The Foreclosure Company, Inc.,
as Agent for Beneficiary

By: _____
Christina Leigh, Foreclosure Officer

This office is assisting the Beneficiaries in collecting a debt and any information obtained may be used for that purpose whether received verbally or in writing.

Notice of Default 16-244
Page 2

**-END OF DOCUMENT-**

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink
of the Assessor-Reorder



JAN 2 4 2019    CARMEN CHU

ASSESSOR - RECORDER
SAN FRANCISCO COUNTY, CALIFORNIA
BY                          Julie A. Frisch

CERTIFIED COPY