MICHAEL A. ISAACS (SBN 99782)
  michael.isaacs@dentons.com
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105-1101
Telephone:    415.267.4000
Facsimile:    415.267.4198

Attorneys for
JANINA M. HOSKINS,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BRUGNARA PROPERTIES VI,<br><br>Debtor. | Case No. 17-30501 DM<br>Chapter 7<br><br>**TRUSTEE'S RESPONSE TO AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY**<br>**(Paul Greenfield / 224 Sea Cliff Avenue)**<br><br>Date:   June 13, 2019<br>Time:   9:00 a.m.<br>Place:  450 Golden Gate Avenue, 16th Floor<br>        Courtroom 17<br>        Hon. Dennis Montali<br>        San Francisco, CA  94102 |

Janina M. Hoskins, Chapter 7 Trustee of the estate of Brugnara Properties VI, files this response to the Amended Motion for Relief From Automatic Stay filed by Paul Greenfield, *pro se* (the "Motion") and represents as follows.

**I.    BACKGROUND TO APRIL 25, 2019**

The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on May 22, 2017.

In addition to the Debtor attempting to confirm a plan, hearings were held regarding the motion of Dakota Note, LLC, a secured party ("Dakota Note") to appoint a Chapter 11 trustee, which was supported by other secured creditors and the United States Trustee.

In January 2018, the Bankruptcy Court entered its order disapproving the Debtor's plan and disclosure statement. The Debtor's attempt to confirm a plan of reorganization resulted in virtually

unanimous creditor objections to the Debtor's plans and disclosure statements. At a hearing in January 2018, the Bankruptcy Court granted the motion of Dakota Note and entered its Order Approving Motion for Appointment of Chapter 11 Trustee on January 8, 2018 (Docket No. 99), followed by its Order Approving Appointment of Chapter 11 Trustee on January 12, 2018 (Docket No. 102). A motion to reconsider filed by the Debtor was denied (February 2, 2018 as Docket No. 130).

On March 2, 2018, the Trustee filed her Trustee's Report Under Bankruptcy Code § 1106(a)(5) and Recommendation to Convert Case to a Case Under Chapter 7 of the Bankruptcy Code [11 U.S.C. § 1106(a)(5)] (Docket No. 139). Her recommendation was supported by various secured creditors.

At a hearing on March 30, 2018, the Court accepted the Trustee's recommendation and converted the case to a case under Chapter 7 of the Bankruptcy Code. On April 3, 2018, the Court entered its Order Converting Chapter 11 Case to a Case Under Chapter 7. On April 4, 2018, the United States Trustee filed its Appointment of Trustee, naming the Trustee as Chapter 7 Trustee of the converted case (Docket No. 156).

When the case was converted to a case under Chapter 7, motions for reconsideration were filed. Mr. Greenfield filed his Defendant Greenfield's Objection to Brugnara Properties VI Motion for Reconsideration on April 13, 2018, Docket No. 173, a copy of which is annexed as Exhibit A to the Declaration of Michael A. Isaacs in Support of Trustee's Response to Amended Motion for Relief From Automatic Stay (Paul Greenfield / 224 Sea Cliff Avenue) (the "Isaacs Declaration"). As the Court is aware, Mr. Greenfield has been an active participant in this case.

On May 7, 2018 the Court heard the Trustee's Motion to Reject Agreement Pursuant to 11 U.S.C. § 365(a), which motion sought to reject an employment agreement between the Debtor and Kay Brugnara ("Employment Agreement") that allowed her to occupy the property at 224 Sea Cliff Avenue, San Francisco, California (the "Property"). As with the order converting the case, Mr. Greenfield also supported the Trustee's motion to reject the Employment Agreement between the Debtor and Kay Brugnara. Mr. Greenfield filed Defendant Greenfield's Joinder to Trustee's Motion to Reject "Executory Contract" and Opposition to Motion to Stay, a copy of which is annexed to

the Isaacs Declaration as Exhibit B. The Court entered its Order Rejecting Agreement on May 9, 2018 (Docket No. 236).

Thereafter, four appeals were filed:

(A) Of the Bankruptcy Court's order dated April 16, 2018 denying Appellant's motion for reconsideration of the Order Converting Case to a Case Under Chapter 7, USBC Docket No. 176, 3:18-cv-02787 WHA, Brugnara Properties VI, Debtor:

    (i) Appeal by the Debtor's president and shareholder, Kay Brugnara, Case No. 3:18-cv-02822 WHA

    (ii) Appeal by Luke Brugnara, the president's husband, Case No. 3:18-cv-02823 WHA

(B) of the Bankruptcy Court's Order Rejecting Agreement, Kay Brugnara's individual appeal, USBC Docket No. 238, 3:18-cv-03440 WHA.

On June 7, 2018, the Honorable William Alsup, United States District Judge, entered his Order Granting Emergency Motions to Stay in 3:18-cv-02787 WHA and Case No. 3:18-cv-02822 WHA, barring the Trustee from selling the Property. It ordered the Trustee as follows: "The trustee shall not sell [the Property] or evict Kay Brugnara until the Bankruptcy Court holds an evidentiary hearing and makes written findings regarding whether or not the Debtor is a nominee and/or alter ego of Luke Brugnara." An authentic copy of the Order Granting Emergency Motions to Stay is attached to the Isaacs Declaration as Exhibit C.

At the time of the initial hearing on the motion for a stay before the United States District Court ("District Court"), Ms. Brugnara filed declarations and moving papers indicating that what was at issue was the Trustee's ability to sell the Property. However, at the time of the hearing before the District Court, the appeal was whether or not there should have been a stay of the order converting this case to a case under Chapter 7 of the Bankruptcy Code (pursuant to the Trustee's recommendation under § 1106(a)(5) of the Bankruptcy Code). As this Court is aware, if the Property were sold, any excess proceeds would be paid to Ms. Brugnara as shareholder of the Debtor. However, a District Court stay was issued, which initially was contemplated to be "60 days." During the 60-day period, Adversary Proceeding No. 17-03071, *Brugnara Properties VI v.*

*Internal Revenue Service, et al.* (the "Adversary Proceeding") was to be resolved, i.e., validity or invalidity of the IRS and FTB liens.

Thereafter, various hearings were held before the District Court concerning the various appeals, primarily instigated by Paul Greenfield, the holder of a senior interest to that of Dakota Note. Annexed to the Isaacs Declaration as Exhibit D is a copy of the Docket from the United States District Court for what at the time was the lead case: 3:18-cv-02822 WHA, with all related cases listed. Filings by Mr. Greenfield are highlighted in yellow on the attached docket. On August 14, 2018, as Docket No. 33, Mr. Greenfield filed a motion to vacate the stay imposed by the District Court, together with a request for judicial notice and related documents. Mr. Greenfield was an active participant in appeals before the District Court. For example, on October 4, 2018, Mr. Greenfield's motion to vacate was heard but denied on October 5, 2018. See Exhibit D, District Court Docket No. 55.

On November 26, 2018, Mr. Greenfield filed his renewed motion to vacate stay, Docket No. 62, together with supporting documentation. Considering that the District Court issued a stay pending the summary judgment hearing in the Adversary Proceeding, the Trustee believed that filing motions to vacate the stay were inappropriate. Initially, it was contemplated that motions in the Adversary Proceeding would be filed and heard by December 31, 2018. That did not occur.

As noted, Mr. Greenfield filed two motions to vacate the stay that were overruled by the District Court.

On December 11, 2018, the District Court entered its Order to File Briefing and Vacating Hearing, which directed that the "stay issued on June 7 remains in effect." The Trustee's appellee brief was filed. The District Court dismissed three of the four appeals described on Page 3 above.

What followed was the government shut-down and parties asking for a stay of the Adversary Proceeding before the Bankruptcy Court, which was entered by this Court. Based on orders of the District Court and orders of this Court, the resolution of the Adversary Proceeding, which was crucial to a determination as to whether or not the District Court would vacate the stay, was stalled. A status conference in the Adversary Proceeding was set for February 22, 2019.

///

112588463\V-1

On February 8, 2019, creditor Dakota Note filed a motion for relief from stay, together with supporting documentation as Docket No. 287. On February 19, 2019, Mr. Greenfield filed his Joinder to Motion for Relief From Stay, Docket No. 290. On February 22, 2019, a hearing was held on the Dakota Note motion for relief from stay. The Court conducted a status conference in the Adversary Proceeding the same day. At that time, a briefing schedule was set for a hearing on cross-motions for summary judgment in the Adversary Proceeding. Both matters were continued to April 25, 2019.

On April 24, 2019, Mr. Greenfield filed his Supplement to Joinder to Motion for Relief From Stay as Docket No. 302. At the April 25, 2019 hearing, the cross-motions for summary judgment in the Adversary Proceeding between the Debtor and the Internal Revenue Service and Franchise Tax Board were taken under submission. The Dakota Note motion for relief from stay was taken off calendar, pending a decision in the Adversary Proceeding.

In summary, as the above background indicates, Mr. Greenfield has been an active participant in this case and in the appeals before the District Court.

The Trustee does not see why the stay order of the District Court should not also be applicable to Mr. Greenfield. As noted, the District Court issued an Order Granting Emergency Motions to Stay, by which it ordered the Trustee as follows: "The trustee shall not sell [the Property] or evict Kay Brugnara until the Bankruptcy Court holds an evidentiary hearing and makes written findings regarding whether or not the Debtor is a nominee and/or alter ego of Luke Brugnara."

It would make little sense for the Trustee to remain barred from selling the Property by the District Court's Order Granting Emergency Motions to Stay (Exhibit C to the Isaacs Declaration), but for Mr. Greenfield to be allowed to foreclose his lien against it.

## II. CAUSE UNDER BANKRUPTCY CODE § 362(d)(1)

Bankruptcy Code § 362(d) provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization

The Trustee agrees with comments by Mr. Greenfield in his Motion, Page 4, ¶14, whereby he addresses the issue of "cause." Mr. Greenfield indicates that, "cause" for granting relief from stay has no clear definition and is determined on a case-by-case basis," citing *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) together with other citations for the proposition. If ever there were a case where cause should be interpreted in favor of the Trustee, this has to be it. As indicated above, the Trustee, notwithstanding efforts to move forward, has been stayed by the District Court. The Adversary Proceeding was stayed by virtue of a government shut-down. The summary judgment motions are under submission.

On Page 4, ¶15 of the Motion, Mr. Greenfield indicates, "the Court may grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure," citing *Western Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 841 (9th Cir. 1986). The Trustee has been diligent in carrying out her duties. She was appointed at the request of Dakota Note and others and filed her 1106(a)(5) Report Recommending Conversion, which was supported by creditors and which the Court accepted and converted this case. Thereafter, she has been ensnarled in litigation before the District Court and filed a substantial appellee brief in the four appeals, three of which have been dismissed. She has employed a broker and diligently taken the actions that she can take under the circumstances.

///

///

112588463\V-1

## III. VALUE OF THE PROPERTY

In the Dakota Note motion for relief from stay on Page 2, ¶6, Dakota Note listed the voluntary liens against the Property totaling $13,884,599.94. Mr. Greenfield now lists the total of voluntary liens at $14,576,639.95. Motion, Page 4, Lines 2-8. No evidence supports these lien amounts.

No one seems to know the true value of the Property. In his Motion, Mr. Greenfield indicates, "The present value of the Property is not more than $15 million." (Motion, Page 5, Line 27). The Trustee is not sure if Mr. Greenfield bases his value on the Dakota Note motion for relief from stay, which he apparently seeks to amend, or if this is from his own opinion. The Dakota Note motion indicated that "present value" was estimated at no more than $15 million, utilizing an application to employ a broker (Docket No. 186) in support of that proposition. However, as indicated in prior documents and statements made before this Court, the Trustee received an unsolicited $15 million offer, sight unseen. The listing price is not determinative of value and could change by the time the Property is actually listed. The Debtor has valued the Property in excess of $20 million, believing it has an appraisal. Further, the Debtor argues that the value of the Property is rising at a substantial rate every year; thus adequately protecting all liens against the Property. The point is that there is no valid evidence as to the value of the Property. True value can only be known once the Property is listed and the Trustee sells it (unless the Debtor refinances). The sale will determine the actual value of this Property. However, based upon what has happened thus far, it appears there would be competitive bidding for the Property and it could sell for a sum in excess of the figures that have been mentioned. Further, the assumption seems to be that figures for liens and interest rates are valid and they will be paid in full, no matter what fees, costs and penalties are included. The loan balances presented by Mr. Greenfield are hearsay and should be disregarded.

## IV. THE IRS LIEN

As was explained to the Court and based upon information gathered by the Trustee, the IRS and the FTB have an agreement whereby, notwithstanding the FTB being in "sixth place," it is entitled to share in monies paid pursuant to the lien in favor of the IRS. If the IRS lien is determined to be a nominee lien and enforceable against the Property, it would be in third position, behind

roughly $10 million in debt. The IRS lien, based upon Claim 2-2 filed November 22, 2017, at that time was in the sum of $1,809,309.14. Further, under the terms of Bankruptcy Code § 724(b), the Trustee has an interest in any interest the IRS and FTB have in the IRS recorded lien, as follows:

> (b) Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title (other than to the extent that there is a properly perfected unavoidable tax lien arising in connection with an *ad valorem* tax on real or personal property of the estate) and that secures an allowed claim for a tax, or proceeds of such property, shall be distributed
>
> (1) first, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is senior to such tax lien;
>
> (2) second, to any holder of a claim of a kind specified in section 507(a)(1)(C) or 507(a)(2) … 507(a)(1)(A), 507(a)(1)(B), 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien

11 U.S.C. § 724(b)(1), (2).

Accordingly, the estate has an interest in proceeds from the sale of this Property over and above any equity that may exist. Copies of the federal tax liens are annexed to the Isaacs Declaration as Exhibit E.

**V.    MR. GREENFIELD'S MOTION SHOULD BE DENIED ON PROCEDURAL GROUNDS**

Bankruptcy Local Rule 4001-1 governs motions for relief from stay, as follows:

> 4001-1. Motions For Relief From Stay.
>
> (a) Procedure and Supporting Documents.
>
> A motion for relief from stay, or for order confirming that no stay is in effect, shall be so titled and shall be accompanied by the declaration of an individual competent to testify which sets forth the factual basis for the motion. The motion shall describe the relief sought and shall advise the respondent to appear personally or by counsel at the preliminary hearing.

(b) Cover Sheet.

Every motion for relief from stay, or order confirming that no stay is in effect, shall be filed with a completed Relief From Stay Cover Sheet. Relief From Stay Cover Sheets shall be available in the Office of the Clerk and on the Bankruptcy Court's website.

B.L.R. 4001-1(a), (b)

Bankruptcy Local Rule 4001-1(g) indicates,

(g) Inclusion of an Account Statement.

(1) As to motions for relief from the automatic stay wherein the movant alleges that the debtor has failed to maintain post-petition payments on an obligation, the motion shall include a post-petition account statement and a declaration attesting to the statement's accuracy. Both documents shall be written in language comprehensible to a lay person, and shall include the following information:

a. a description of the post-petition obligations that have accrued and are unpaid;

b. all payments received post-petition;

c. the date each post-petition payment was received;

d. the date each post-petition payment was posted to the subject account, if different from the date received

B.L.R. 4001-1(g)

To the Trustee's knowledge, Mr. Greenfield has failed to include a Relief From Stay Cover Sheet. Further, *inter alia*, he has failed to comply with Bankruptcy Local Rule 4001-1(g).

In response to the filing of the Motion, the Court's Courtroom Deputy provided Mr. Greenfield with a list of the needed corrections, in that, no previous motion for relief from stay was filed, no notice of hearing was filed, no proof of service was filed and no relief from stay cover sheet was included. Finally, the Courtroom Deputy noted that a fee in the amount of $181 was not paid. To the Trustee's knowledge, there is no record that Mr. Greenfield complied with all of the instructions provided by the Court.

Mr. Greenfield has presented no competent evidence that he holds an interest in the California Home Loans lien that he seeks to assert. Attached as Exhibit A to the Declaration of Paul Greenfield in Support of Motion for Relief From Automatic Stay (the "Greenfield Declaration") filed in support of the Motion (Docket 306), there is a section entitled "Assignment of Note Secured by Deed of Trust." It is blank. Greenfield Declaration, Exhibit A, Page 2.

## VI. CONCLUSION

As indicated at the time of the hearing on the motion for relief from stay filed by Dakota Note, the Trustee has had her hands tied by a stay issued by the District Court which arguably is applicable to Mr. Greenfield. It would make no sense to have the District Court stop the Trustee from selling the Property, yet at the same time allow a secured party (that filed two motions to vacate the stay) to go forward and foreclose against it. Accordingly, at a minimum, Mr. Greenfield should seek clarification from the District Court that the stay is not applicable to him. As indicated, he filed two motions to vacate the stay imposed by the District Court - both unsuccessful. The United States government shut down; thus derailing the schedule that otherwise would have been applicable for the Adversary Proceeding to be possibly completed by way of competing motions for summary judgment. The motions for summary judgment in the Adversary Proceeding are under submission and an opinion will be issued. No relief from stay should be granted at this time. It is inequitable, considering that Mr. Greenfield participated in seeking the appointment of the Trustee, and also participated in the appeals pending before the District Court.

DATED: June 11, 2019                    DENTONS US LLP


By:    /s/Michael A. Isaacs
       MICHAEL A. ISAACS
       Attorneys for JANINA M. HOSKINS,
       Chapter 7 Trustee

112588463\V-1